IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-535-BO

| | |
|---|---|
| JAMES L. McNEILL, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| CAROLYN COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 21 & 23]. A hearing on this matter was held in Raleigh, North Carolina on July 2, 2014 at 2:30 p.m. For the reasons discussed below, plaintiff's motion is GRANTED, defendant's motion is DENIED, and, accordingly, the judgment of the Commissioner is REVERSED.

## BACKGROUND

On April 6, 2009, plaintiff filed an application for disability-based child's insurance benefits under Title II of the Social Security Act, alleging disability since September 1, 1994. On March 12, 2009, plaintiff filed an application for supplemental security income under Title XVI of the Act alleging disability since September 1, 1994. His claims were denied initially and upon reconsideration. On March 11, 2011, January 17, 2012, and February 9, 2012, an Administrative Law Judge ("ALJ") held hearings. Between the first and second hearings, in June 2011, a vocational expert ("VE") provided written responses to interrogatories. ALJ Dodds found that plaintiff was not disabled within the meaning of the act from September 1, 1994, through February 21, 2012, the date of the ALJ decision. On May 29, 2013, the Appeals Council denied

plaintiff's request for review, thus making the ALJ's decision the final decision of the Comissioner. Plaintiff now seeks review of that decision pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

Plaintiff was six years of age at the date of alleged onset of disability. Plaintiff suffers from a longstanding and well documented history of mental and behavioral disorders. He completed the tenth grade, was in special education courses, and has worked as a "stocking person" and a "fitting room attendant." Plaintiff obtained these jobs through vocational rehabilitation with the assistance of a job coach. [Tr. 21; 32; 63–65; 361–423; 449; 466; 502; 512–28; 714–47]. However, these attempts at work were not successful and ended in conflict. [Tr. 67–68]. Further, plaintiff has engaged in numerous episodes of bullying, violence and animal torture. [Tr. 748]. Plaintiff has had numerous contacts with the police at the behest of employers and family after plaintiff made threats. [Tr. 34–35; 42; 83–84].

## **DISCUSSION**

When a social security claimant appeals a final decision of the Commissioner, the district court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In making a disability determination, the ALJ engages in a five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). The analysis

2

requires the ALJ to consider the following enumerated factors sequentially. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed in the Listing of Impairments or if it is equivalent to a listed impairment, disability is conclusively presumed. However, if the claimant's impairment does not meet or equal a listed impairment then, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and RFC can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

Here, the ALJ found that plaintiff has not engaged in substantial gainful activity, suffers from severe impairments that do not meet a listing, and found plaintiff had the RFC to perform work at all exertional levels but was limited to simple, routine, repetitive tasks with short, simple instructions, simple work-related decisions and only occasional interaction with the public and co-workers and no more than frequent interaction with supervisors. [Tr. 15–17]. The ALJ went on to find that plaintiff could not return to his past relevant work, but after testimony from the VE, found that plaintiff could perform jobs in the national economy existing in significant numbers. [Tr. 20–21].

3

Substantial evidence does not support the ALJ's determination. The longitudinal record and testimony at the administrative hearings demonstrate plaintiff's inability to respond appropriately to supervision, coworkers, normal work situations, and changes in a routine work setting. Plaintiff has consistently been terminated from employment due to altercations in the workplace. [Tr. 32–35; 67–68]. Psychological records document his torture and killing of animals which were related to mental health professionals by plaintiff with a smile on his face. [Tr. 748]. The police have been summoned to deal with plaintiff on multiple occasions and even his own family has been forced to rely on police help in dealing with him. [Tr. 34–35; 42; 83–84]. The record paints a picture of a deeply disturbed young man with profound mental health issues that civil government has absolutely failed to deal with. Mr. McNeill has shown an inability to interact with others in society and has failed at all past attempts to do so. To the extent his mental state keeps him from interacting with others, he is incapable of performing any employment and is disabled. *See* SSR 85-15 ("The basic demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting. A substantial loss of ability to meet any of these basic work-related activities would severely limit the potential occupational base. This, in turn would justify a finding of disability because even favorable age, education, or work experience will not offset such a severely limited occupational base."). Plaintiff falls squarely under SSR 85-15.

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F.Supp. 230, 236 (E.D.N.C. 1987). The Fourth Circuit has held that it is appropriate

for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). Remand, rather than reversal, is required when the ALJ fails to explain [her] reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013) (citing *Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012)).

The Court in its discretion finds that reversal and remand for an award of benefits in appropriate in this instance as the ALJ has clearly explained his basis for finding that plaintiff could perform substantial gainful work, though his rationale for doing so was flawed. Further, there have already been three administrative hearings held in this case and no further development of the record is necessary. In light of the longitudinal record and the nature of plaintiff's impairments, the Court finds that no benefit would be gained from remanding this matter for further proceedings.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings is GRANTED, and the decision of the Commissioner is REVERSED. Accordingly, this case is REMANDED for an award of benefits consistent with this Order.

SO ORDERED.

This 8 day of July, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5

Case 5:13-cv-00535-BO   Document 29   Filed 07/09/14   Page 5 of 5